3a) 373 F2d 733, 11

nplain in trial court
ining on appeal that
considered affidavits
hearing in violation
ehanna Corp. (1970,
H Fed Secur L Rep
5, cert den 400 US
51.

ry judgment, court
n when it refuses to
s absent affirmative
rty of excusable ne-
). Farina v Mission
x) 615 F2d 1068.

consider affidavit in
mmary judgment is
e affidavit is submit-
e heard, and where
to show excusable
ely affidavit. Wood v
of Commerce, Inc.
515, 36 FR Serv 2d
d 2d 765, 104 S Ct

consider propriety of
otion to dismiss, and
l question involved
mmary judgment or
if defendant's objec-
Ins. Co. v Bradley
57 F Supp 545.

at affidavit shall be
no room for judicial
trike affidavit would
was not so filed.
Co. (1956, DC Del)

rt of motion to set
and dismiss action
were deemed admit-
Bucholz v Hutton
p 62.

be accepted where
actly same material
on motion to amend
hrer v Philadelphia
n) 240 F Supp 157.

motion for prelimi-
close of evidence at
evidence under Rule
not have adequate
nformation and con-
davits. Mont Vernon
ts (1976, DC NH)
2d 437.



Rule 56(c), requiring party opposing motion for summary judgment to serve affidavits prior to day of hearing, should be read in conjunction with Rule 6(d), enabling court to permit affidavits in opposition to motion to be served "at some other time," but affidavit must be deemed inadmissible where party opposing motion for summary judgment fails to offer any explanation or justification for not filing it until one month after oral argument. Nestle Co. v Chester's Market, Inc. (1983, DC Conn) 571 F Supp 763, 219 USPQ 298.

## III. PLEADINGS AND MOTIONS

## Rule 7. Pleadings Allowed; Form of Motions

**(a) Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

**(b) Motions and Other Papers**

(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(2) The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.

(3) All motions shall be signed in accordance with Rule 11.

**(c) Demurrers, Pleas, etc., Abolished.** Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used.

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Other provisions:**

**Notes of Advisory Committee on Rules.** 1. A provision designating pleadings and defining a motion is common in the State practice acts. See Ill Rev Stat (1937), ch 110, § 156 (Designation and order of pleadings); 2 Minn Stat (Mason, 1927) § 9246 (Definition of motion); and NY CPA (1937) § 113 (Definition of motion). Former Equity Rules 18 (Pleadings—Technical Forms Abrogated), 29 (Defenses—How Presented), and 33 (Testing Sufficiency of Defense) abolished technical forms of pleading, demurrers, and pleas, and exceptions for insufficiency of an answer.

2. Note to Subdivision (a). This preserves the substance of former Equity Rule 31 (Reply—When Required—When Cause at Issue). Compare the English practice, English Rules Under the Judicature Act (The Annual Practice, 1937) O 23, r r 1, 2 (Reply to counterclaim; amended, 1933, to be subject to the rules applicable to defenses, O 21). See O 21, r r 1–14; O 27, r 13 (When pleadings deemed denied and put