plaint neither describes nor identifies any misleading statements or omissions concerning such transfers that were attributable to custodian or of which custodian was aware. Armstrong v McAlpin (1983, CA2 NY) 699 F2d 79, CCH Fed Secur L Rep ¶ 99073.

In shareholder derivative action for alleged securities law violations, defendants' objection to complaint that it does not comply with Rule 9(b) is well taken where complaint fails to specify with particularity fraud complained of and fails to particularize as to any of defendants, activities for which plaintiff seeks to hold them accountable. Lerman v ITB Management Corp. (1973, DC Mass) 58 FRD 153, 16 FR Serv 2d 1164.

In shareholders' derivative action, specific allegations that board of directors entered into agreement with stockholder to purchase with corporate funds his stock at a higher than market price in order to prevent his control of corporation and to prevent his ouster of management from their jobs in exchange for which they agreed to dismiss lawsuit against him for illegal tender offer and specific allegations that they failed to reveal their true motives in purchasing stock according to said agreement all of which amount to a breach of their duty to corporation amounting to unfairness and, in addition, specific allegation that individual stockholder aided, abetted, and conspired with them so to breach said duty are sufficiently particular to withstand Rule 9(b) motion. Seigal v Merrick (1976, SD NY) 422 F Supp 1213.

Complaint in shareholder's derivative action against corporation seeking to set aside executive compensation and stock option plans on grounds that proxy material which solicited approval of plans violated 15 USCS § 78n by failing to disclose alleged secret, unauthorized and illegal payments consisting of illegal discounts, rebates, payoffs and political contributions to secure domestic and foreign business and special political favors does not meet specificity requirements of Rule 9(b) where complaint does not describe alleged undisclosed payments with any greater specificity, complaint does not identify misrepresentations which were allegedly made, and complaint does not allege with specificity that those responsible for writing and approving proxy solicitations complained of knew, or had reason to know, of questionable payments alleged. Lewis v Valley (1979, SD NY) 476 F Supp 62, CCH Fed Secur L Rep ¶ 97179, 28 FR Serv 2d 83.

## Rule 10. Form of Pleadings

**(a) Caption; Names of Parties.** Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

**(b) Paragraphs; Separate Statements.** All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

**(c) Adoption by Reference; Exhibits.** Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.