exhibit. Ott v Home Sav. & Loan Asso. (1958, CA9 Cal) 265 F2d 643.

Paragraph denominated as counterclaim in answer, and incorporating by reference all allegations in answer, many of which are in paragraphs which in part deny allegations of complaint, is almost impossible to answer and should be amended so as to specify particular allegations which relate to counterclaim. Aktiebolaget Stille-Werner v Stille-Scanlan, Inc. (1940, DC NY) 1 FRD 395.

Where plaintiff filed complaint for accounting pursuant to licensing agreement and attached therewith copy of agreement and defendant moved to dismiss on ground that copy of agreement on its face showed that agreement was illegal, plaintiff was charged with affirmative duty to show that illegal provisions had been eliminated. Park-In Theatres, Inc. v Paramount-Richards Theatres, Inc. (1948, DC Del) 81 F Supp 466, 80 USPQ 6.

Third-party complaint which was fatally obscure was not remedied by incorporation by reference of certain paragraphs and exhibits of the original complaint where there was no indication to what extent allegations of original complaint were being adopted and incorporated by reference, and third-party defendants' motion for more definite statement was sustained. Heintz & Co. v Provident Tradesmens Bank & Trust Co. (1961, ED Pa) 29 FRD 144, 5 FR Serv 2d 29.

Contract referred to in pleading controls over averments in pleading where there is variance between two. Denton Constr. Co. v Missouri Portland Cement Co. (1981, ED Mo) 507 F Supp 53, vacated on other grounds (CA8 Mo) 659 F2d 873.

## Rule 11. Signing of Pleadings, Motions, and Other Papers; Sanctions

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.