MJC:ljc 95385 \pleading\95385MTSetAside

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PETER J. BIBBY | : | |
| | : | |
| VS. | : | C.A. NO. 07-463-S |
| | : | |
| DAVID PETRUCCI, CITY OF PROVIDENCE, | : | |
| PROVIDENCE POLICE DEPARTMENT, | : | |
| JANE AND JOHN DOE, ET AL | : | |

**MOTION TO SET ASIDE DEFAULT**

This motion is made on behalf of defendant David Petrucci, through a special/limited appearance of counsel, in order to vacate the default entered against him. Defendant Petrucci was never served with process in that the purported service upon him is insufficient as a matter of law. In support hereof, a memorandum of law is attached.

DEFENDANT, DAVID PETRUCCI,
Through Special/Limited Appearance of Counsel:

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 16th day of April, 2008, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Kevin F. McHugh, Esq.
CITY SOLICITOR'S OFFICE
275 Westminster Street, Suite 200
Providence, RI 02903-1845

/s/ Michael J. Colucci

**CERTIFICATION**

I certify that I sent a true copy of the within on April 16, 2008, to:

Peter J. Bibby, pro se
P.O. Box 8724
Cranston, RI 02920
Medium #1 71058 FR1B

/s/ Michael J. Colucci

MJC:ljc 95385 \pleading\95385MemoReMTSetAside

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PETER J. BIBBY | : | |
| | : | |
| VS. | : | C.A. NO. 07-463-S |
| | : | |
| DAVID PETRUCCI, CITY OF PROVIDENCE, | : | |
| PROVIDENCE POLICE DEPARTMENT, | : | |
| JANE AND JOHN DOE, ET AL | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE DEFAULT**

The plaintiff moved for entry of default against defendant Petrucci based on Petrucci's failure to respond to the plaintiff's complaint. However, Rule 4(e) (the method by which the plaintiff chose to serve process) requires that process be served on the defendant personally or be left at the defendant's "dwelling house or usual place of abode" with some person of suitable age and discretion, then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, F.R. Civ. Pr. 4(e).

Rule 4 has generally been construed to mean that service at a defendant's place of employment is insufficient, as that is not the defendant's "dwelling house or usual place of abode," see *Perez-Lopez v. Mangome*, 117 FRD 327 (D.C. Puerto Rico 1987); *Bell v. Hosse*, 31 FRD 181 (MD Tenn. 1962); *Daly-Murphy v. Winston*, 837 F.2d 348 (9th Cir. 1987), *Lamont v. Haig*, 539 F.Supp. 552 (DC SD 1982); *Amnay v. Del Labs*, 117 F.Supp.2d 283 (ED NY 2000).

In *Perez Lopez v. Mangome*, a motion was brought for entry of default judgment on the ground that the complaint had not been answered, and no appearance had been filed on behalf of the defendant police officer. The court held that the place of employment of police officers did not

qualify as their dwelling house or usual place of abode for purpose of service of process under the Federal Rules of Civil Procedure, 117 FRD at 328. Nor could the plaintiff show that the person served therein was an agent "authorized by appointment or by law" to receive service of process, *Id.* Accordingly, "when the requirements of Rule 4 are not complied with, a default judgment predicated thereon is inefficient and amenable to be set aside," *Id.*, see also *Bell v. Hosse* (service against police officers made at the police station upon the chief of police was insufficient for the court to acquire personal jurisdiction over the defendants, since police station was not "dwelling house or usual place of abode" of the defendant officers and the police chief was not the agent for the officers for service of process).

In the case at bar, not only does the police station not qualify as Petrucci's dwelling house or usual place of abode, but Petrucci is not even an employee of the police department and has not been for years now (see affidavit attached as Exhibit B).

According to court records, the plaintiff moved for entry of default and based the same solely on Exhibit A, the March 7, 2008, service of process upon the clerk at the Human Resource Bureau of the Providence Police Department. Under the well settled general rule, such service would not qualify as proper service upon the defendant, Petrucci. There is no reason to depart from the general rule, especially in the case at bar, where the defendant, Petrucci, is not even an employee of the police department and has not been for some time now.

It is also noteworthy that the plaintiff's status as a pro se litigant ought not serve as an excuse for not following the strict requirements of Rule 4. In *Amnay v. Del Labs*, a former employee brought a pro se action against his former employer and former supervisor, alleging race and age discrimination, 117 F.Supp.2d at 283. The *Amnay* court found that leaving a copy of the summons

and complaint with the secretary of his former supervisor was not sufficient service of process. *Id.* at page 286. Moreover, the court ruled that his status as a pro se litigant was not an excuse for not following significant procedural rules, *Id.* at 285.

Accordingly, the entry of default previously entered against Petrucci should be set aside and not entertained further, unless and until the plaintiff has effectuated proper service of the summons and complaint upon defendant Petrucci.

DEFENDANT, DAVID PETRUCCI,
Through Special/Limited Appearance of Counsel:

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 16th day of April, 2008, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Kevin F. McHugh, Esq.
CITY SOLICITOR'S OFFICE
275 Westminster Street, Suite 200
Providence, RI 02903-1845

/s/ Michael J. Colucci

**CERTIFICATION**

I certify that I sent a true copy of the within on April 16, 2008, to:

Peter J. Bibby, pro se
P.O. Box 8724
Cranston, RI 02920
Medium #1 71058 FR1B

/s/ Michael J. Colucci