**Effective: April 26, 1996**

United States Code Annotated Currentness
Title 28. Judiciary and Judicial Procedure (Refs & Annos)
Part V. Procedure
Chapter 123. Fees and Costs (Refs & Annos)
**§ 1915. Proceedings in forma pauperis**

**(a)(1)** Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

**(2)** A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

**(3)** An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

**(b)(1)** Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

**(A)** the average monthly deposits to the prisoner's account; or

**(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

**(2)** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

**(3)** In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

**(4)** In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

**(c)** Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

**(d)** The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

**(e)(1)** The court may request an attorney to represent any person unable to afford counsel.

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

**(A)** the allegation of poverty is untrue; or

**(B)** the action or appeal--

**(i)** is frivolous or malicious;

**(ii)** fails to state a claim on which relief may be granted; or

**(iii)** seeks monetary relief against a defendant who is immune from such relief.

**(f)(1)** Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

**(2)(A)** If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered.

**(B)** The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2).

**(C)** In no event shall the costs collected exceed the amount of the costs ordered by the court.

**(g)** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**(h)** As used in this section, the term “prisoner” means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

CREDIT(S)

(June 25, 1948, c. 646, 62 Stat. 954; May 24, 1949, c. 139, § 98, 63 Stat. 104; Oct. 31, 1951, c. 655, § 51(b), (c), 65 Stat. 727; Sept. 21, 1959, Pub.L. 86-320, 73 Stat. 590; Oct. 10, 1979, Pub.L. 96-82, § 6, 93 Stat. 645; Dec. 1, 1990, Pub.L. 101-650, Title III, § 321, 104 Stat. 5117; Apr. 26, 1996, Pub.L. 104-134, Title I, § 101[(a)] [Title VIII, § 804(a), (c) to (e)], 110 Stat. 1321-73, 1321-74, 1321-75; renumbered Title I May 2, 1996, Pub.L. 104-140, § 1(a), 110 Stat. 1327.)

Current through P.L. 110-199 approved 4-9-08

Copr. (C) 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.