Case 1:07-cv-00463-S-JH Document 26-4 Filed 04/28/2008 Page 1 of 4

EXHIBIT (3)



**Social Security and Immigration Cases**

Citing the "prevalence of sensitive information and the volume of filings", the drafters singled out certain social security and immigration cases for special treatment.[23] These cases are *not* entitled to the automatic right of redaction.[24] Although parties and their counsel enjoy unrestricted access to such filings, nonparties are entitled to remote electronic access only to case docket numbers and court disposition documents; to gain full access to the files, nonparties must access them in-person at the courthouse (and may do so, at the courthouse, electronically).[25]

23. *See* Rule 5.2 advisory committee note. This Rule applies to actions for benefits under the Social Security Act, and actions or proceedings relating to orders of removal, relief from removal, or immigration benefits or detention. *See* Rule 5.2(c).

24. *See* Rule 5.2(b)(5).

25. *See* Rule 5.2(c).





# RULE 6

## COMPUTING AND EXTENDING TIME; TIME FOR MOTION PAPERS

**(a) Computing Time.** The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:

(1) *Day of the Event Excluded.* Exclude the day of the act, event, or default that begins the period.

(2) *Exclusions from Brief Periods.* Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.

(3) *Last Day.* Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or—if the act to be done is filing a paper in court—a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

(4) *"Legal Holiday" Defined.* As used in these rules, "legal holiday" means:

(A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day; and

(B) any other day declared a holiday by the President, Congress, or the state where the district court is located.

**(b) Extending Time.**

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

EXHIBIT (3)



(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow.

**(c) Motions, Notices of Hearing, and Affidavits.**

(1) *In General.* A written motion and notice of the hearing must be served at least 5 days before the time specified for the hearing, with the following exceptions:

(A) when the motion may be heard ex parte;

(B) when these rules set a different time; or

(C) when a court order—which a party may, for good cause, apply for ex parte—sets a different time.

(2) *Supporting Affidavit.* Any affidavit supporting a motion must be served with the motion. Except as Rule 59(c) provides otherwise, any opposing affidavit must be served at least 1 day before the hearing, unless the court permits service at another time.

**(d) Additional Time After Certain Kinds of Service.** When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

[Amended effective March 19, 1948; July 1, 1963; July 1, 1966; July 1, 1968; July 1, 1971; August 1, 1983; August 1, 1986; August 1, 1987; December 1, 1999; April 23, 2001, effective December 1, 2001; April 25, 2005, effective December 1, 2005; April 30, 2007, effective December 1, 2007.]

## 2007 AMENDMENTS ROADMAP

**STYLE PROJECT CHANGES:** Rescinded Rule 6(c) (empty since 1966) was deleted, and old Rules 6(d) and 6(e) were repositioned as new Rules 6(c) and 6(d). Extensive subsectioning and new orienting labeling was added. Cumbersome "enlargement" terms were replaced with "extension". The limiting preface to Rule 6(b) ("When by these rules or by a notice given thereunder or by order of court...") was omitted, although the drafters announce that changes are "stylistic only".

**NON-STYLE CHANGES:** For accuracy, "legal holiday" was replaced by "day set aside for observing" those same holidays.





***NOTE: The Federal Rules "Style Project" is explained in Part III-A.***

## AUTHORS' COMMENTARY ON RULE 6

### PURPOSE AND SCOPE

Rule 6 sets the procedure for computing the passage of time under the Rules. Although other, substantive Rules define the length of allowable time for such acts as answering pleadings or filing motions, Rule 6 dictates how those defined time periods are to be calculated. Rule 6 also authorizes the district court to enlarge the time periods fixed in the Rules.

*Note: A perpetual calendar can be found in Part XI of this text.*

## RULE 6(a). COMPUTING OF TIME

### CORE CONCEPT

None of the time periods established in the Rules may end on a Saturday, Sunday, or legal holiday. In addition, if a Rule requires the filing of legal papers with the clerk of court, the applicable time period also may not end on a day when weather or other conditions make the clerk's office inaccessible. When a defined time period ends on such days, the time period is deemed extended until the end of the next day that is not a Saturday, Sunday, legal holiday, or inclement weather day.

Moreover, when a time period fixed in the Rules is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded when computing the passage of time.

### APPLICATIONS

#### No Effect on Dates Certain

When the court sets a "date certain" for an act or a filing, Rule 6(a) will *not* extend that date if it falls on a Saturday, Sunday, or holiday.[1]

#### When Counting Begins

The computation of time periods set in the Rules begin on the day *after* the triggering act, event, or default occurs. For example,

1. *See Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016–20 (6th Cir.2005) (Rule 6(a) does not apply to extend a date-certain, set by the court, which expired on a Saturday of a long, federal holiday weekend); *Fleischhauer v. Feltner*, 3 F.3d 148, 151 (6th Cir.1993). *But see Modaressi v. Vedadi*, 441 F.Supp.2d 51, 54 n. 2 (D.D.C. 2006)(rejecting as "frivolous" litigant's "unsupported contention that 'Rule 6 does not apply to *firm calendar dates* issued by the Court's orders and is only applicable to *numeric computations of time*'") (emphasis in original).

EXHIBIT (4)



Saturdays, Sundays, and legal holidays are not counted.[11] For example, if judgment in a lawsuit was entered on Friday, February 10, the parties would have 10 days under Rule 59 to move for a new trial. This 10-day period would begin on Monday, February 13 and expire on Monday, February 27, since intermediate Saturdays (February 11, 18, 25), Sundays (February 12, 19, 26), and legal holidays (*e.g.*, Washington's Birthday—February 20) would not be counted.

### Effect on Rule 23(f) Applications

Rule 23(f) permits a court of appeals to allow an appeal from a grant or denial of class action certification if an application is made for the appeal within ten days of the trial court's order. Rule 6 applies to such applications.[12]

### Effect on Time Periods Set by Private Contracts

Ordinarily, the computation procedures embodied in Rule 6 do *not* apply to time periods set in private contracts.[13]

### Effect on Federal Statutes of Limitation

The federal courts are divided on whether these time computation methods apply to federal statutes of limitation.[14] Congress may, of course, fix a different method for time computation applicable to particular statutes.[15]

**11.** *See Union Nat'l Bank v. Lamb*, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949)(observing that Rule 6(a) provides that an act which must, by statute, be performed within a prescribed period of time may be performed a day later when the time period ends on a Sunday).

**12.** *See Beck v. Boeing Co.*, 320 F.3d 1021, 1021–23 (9th Cir.2003); *In re Veneman*, 309 F.3d 789, 793 (D.C.Cir.2002); *In re Sumitomo Copper Litig.*, 262 F.3d 134, 137 n.1 (2d Cir.2001).

**13.** *See J. Aron & Co. v. S/S Olga Jacob*, 527 F.2d 416, 417 (5th Cir.1976).

**14.** *See Bartlik v. United States Dep't of Labor, Tenn. Valley Auth.*, 62 F.3d 163 (6th Cir.1995) (en banc) (majority view: holding that computational extensions under Rule 6(a) do not enlarge a court's jurisdiction, and thus petition for review of agency decision due on Saturday, Sunday, federal holiday, or courthouse-inaccessible day is timely if filed on the next day courthouse is open for business). *Compare Westland Holdings, Inc. v. Lay*, 462 F.3d 1228, 1233–34 (10th Cir. 2006) (noting law applying Rule 6(a) to statute of limitations) *and Moore v. Campbell*, 344 F.3d 1313, 1319–20 (11th Cir.2003) (same) *and Sain v. City of Bend*, 309 F.3d 1134, 1136–38 (9th Cir. 2002) (same) *and Reid v. Universal Maritime Serv. Corp.*, 41 F.3d 200 (4th Cir.1994) (same) *and Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir.2002) (same) *and Flanagan v. Johnson*, 154 F.3d 196, 201–02 (5th Cir. 1998) (same) *and Merriweather v. City of Memphis*, 107 F.3d 396, 398 n. 2 (6th Cir. 1997) (same) *and Frey v. Woodard*, 748 F.2d 173 (3d Cir.1984)(same) *with Scanio v. United States*, 37 F.3d 858, 860–61 (2d Cir. 1994) (minority view: rejecting argument that Rule 6(a) applies to expand time for filing habeas motion, and holding that final filing day is not extended when statutory last day is a Saturday, Sunday, holiday, or a day on which the clerk's office is inaccessible). *See also Union Nat'l Bank v. Lamb*, 337 U.S. 38, 40–41, 69 S.Ct. 911, 912–13, 93 L.Ed. 1190 (1949) (holding that a petition for review of State supreme court decision filed on Monday—the ninety-first day of the statutory ninety-day filing period, was timely filed: "[s]ince [Rule 6(a)] had the concurrence of Congress and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable").

**15.** *See FDIC v. Enventure V*, 77 F.3d 123, 125–26 (5th Cir.1996) (Rule 6(a) counting procedure does not apply when Congress' statute of limitations expressly states otherwise).





### Effect on Other Federal Statutes

Noting the broadly encompassing language of Rule 6(a),[16] at least one court has adopted as a general policy, guided by perceived legislative intent, to apply the Rule to every federal statute enacted or amended after the adoption of the Rule, unless the statute at issue itself conveys a contrary drafting intention.[17]

### Effect on State Statutes of Limitation

In diversity cases, the federal courts typically apply the time computation methods set by State law.[18] If, however, the applicable State law is silent on the computation question, the courts may apply Rule 6.

# RULE 6(b). EXTENDING TIME

## CORE CONCEPT

The district courts may extend many of the time periods set by the Rules.

## APPLICATIONS

### No Stipulations

The parties cannot unilaterally extend the time periods set in the Rules by simply stipulating to the extension.[19] Court approval of the stipulated extension is required.[20]

### Extensions Before the Time Period Expires

If the extension request is made *before*[21] the time period expires, the district court, in its discretion, may grant an extension "for cause shown".[22] Neither notice to the adversary nor a formal motion is required by the Rule, although applicable local rules may establish a more specific extension procedure. Pre-expiration extensions are granted routinely if they are sought in good faith and do not prejudice the adversary.

### Extensions After the Time Period Expires

If the extension request is made *after* the time period expires, the district court's discretion is more restricted. The district court

**16.** *See* Rule 6(a) ("in computing *any* time period specified in *these rules, or in any local rule, court order, or statute*...") (emphasis added).

**17.** *See American Canoe Ass'n v. City of Attalla*, 363 F.3d 1085, 1086 (11th Cir. 2004).

**18.** *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

**19.** *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185 (3d Cir.1942).

**20.** *See Gray v. Lewis & Clark Expeditions, Inc.*, 12 F.Supp.2d 993 (D.Neb.1998); *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 163 F.R.D. 196, 199 (S.D.N.Y. 1995).

**21.** *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir.1995)(observing that district courts are granted "broad discretion" under Rule 6(b) to expand filing deadlines).

**22.** *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 896, 110 S.Ct. 3177, 3192, 111 L.Ed.2d 695 (1990) (noting that cause must be shown before an enlargement of time is granted).

EXHIBIT (4)



may grant such post-expiration extensions if: (1) cause is shown, *and* (2) the failure to act was the result of excusable neglect. The courts have tested carefully a litigant's claim of excusable neglect; unfamiliarity with the Rules or a crowded professional schedule will not constitute excusable neglect.[23] Demonstrating excusable neglect is not easily done, and was not intended to be.[24] As one court aptly wrote: "When parties wait until the last minute to comply with a deadline, they are playing with fire."[25] Moreover, a formal request for an excusable neglect extension is required; trial courts abuse their discretion in granting such relief in the absence of a motion by the affected litigant.[26]

The Supreme Court has noted that excusable neglect is a "somewhat elastic concept", not limited exclusively to omissions caused by circumstances outside the moving party's control, but which must be assessed in view of all relevant circumstances surrounding the omission.[27] Negligent oversight (if that oversight is deemed excusable) is encompassed in this standard.[28] Yet, the Court considers this excusable neglect hurdle as the "greatest" substantive obstacle of all.[29] In testing whether the neglect was excusable, courts have considered some or all of the following factors:

1. The prejudice to the opponent;
2. The length of the delay and its potential impact on the course of the judicial proceedings;
3. The causes for the delay, and whether those causes were within the reasonable control of the moving party;
4. The moving party's good faith;
5. Whether the omission reflected professional incompetence, such as an ignorance of the procedural rules;
6. Whether the omission reflected an easily manufactured excuse that the court could not verify;
7. Whether the moving party had failed to provide for a consequence that was readily foreseeable; and

23. *See In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007); *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007); *Quigley v. Rosenthal*, 427 F.3d 1232, 1237–38 (10th Cir. 2005).

24. *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).

25. *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996).

26. *See Smith v. District of Columbia*, 430 F.3d 450, 456–57 (D.C.Cir.2005); *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1385–86 (Fed.Cir.2005).

27. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 390–95, 113 S.Ct. 1489, 1496–98, 123 L.Ed.2d 74 (1993)(construing excusable neglect in the context of Bankruptcy Rule 9006(b), which was patterned after Rule 6(b)).

28. *See Mommaerts v. Hartford Life & Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

29. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 897, 110 S.Ct. 3177, 3193, 111 L.Ed.2d 695 (1990).





8. Whether the omission constituted a complete lack of diligence.[30]

Significantly, the fact that the error lies with the attorney, and not with the attorney's client, is *not* dispositive on whether "excusable neglect" exists. Clients will be held responsible for the omissions of their attorneys, even if the clients are not otherwise culpable for the error.[31] Moreover, courts are reluctant to approve extensions of time after prior extensions have been granted and ignored.[32]

**No Extensions**

Rule 6(b)(2) prohibits the district court from extending the following time periods:[33]

(1) Time for seeking a judgment as a matter of law, under Rules 50(b) or 50(c)(2);

(2) Time for requesting an amendment or expansion of the court's findings in a non-jury case, under Rule 52(b);

(3) Time for granting a new trial or proposing to alter or amend the judgment, under Rule 59(b), (d), or (e); and

(4) Time for requesting relief from judgment, under Rule 60(b).

In these instances, a party's failure to act within the designated period deprives the district court of its power of extension.[34] There are two possible exceptions to his prohibition. First, it may be that the prohibition is a waivable affirmative defense that could be forfeited if not properly asserted.[35] Case law on this interpretation is still emerging. Second, a forty-year-old case law exemption from the Seventh Circuit Court of Appeals held that in "unique circumstances" these periods could be extended, provided there was a genuine ambiguity in the Rule language to begin with and the district court took action that gave the parties the specific assurance (albeit improperly) that an extension had been granted.[36] The validi-

30. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 390–95, 113 S.Ct. 1489, 1496–98, 123 L.Ed.2d 74 (1993); *In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, ___, 2007 WL 2120274, at *8 (9th Cir. 2007); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

31. *See In re Veritas Software Corp. Secs. Litig.*, 496 F.3d 962, ___, 2007 WL 2120274, at *8—*9 (9th Cir. 2007); *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir.1999).

32. *See Spears v. City of Indianapolis*, 74 F.3d 153 (7th Cir.1996) (finding no abuse of discretion where the district court refused to grant a 24–hour extension, after having previously granted several, earlier extensions); *McIntosh v. Antonino*, 71 F.3d 29 (1st Cir.1995) (finding no abuse of discretion in court's "exasperated denial" of a third extension).

33. Although not listed specifically as a non-extending Rule, the courts have construed Rule 71A as prohibiting the district court from enlarging the time to answer in a condemnation proceeding.

34. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 261–62 n. 5, 98 S.Ct. 556, 559–60 n. 5, 54 L.Ed.2d 521 (1978). *See also Rodick v. City of Schenectady*, 1 F.3d 1341, 1346 (2d Cir.1993) (noting jurisdictional nature of time periods).

35. *See National Ecological Found. v. Alexander*, 496 F.3d 466, 474–4754 (6th Cir. 2007).

36. *See Eady v. Foerder*, 381 F.2d 980 (7th Cir. 1967). *See also Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557 (7th Cir. 1990) (equally divided en banc court considered but refused to overrule *Eady*).