**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**PETER J. BIBBY**

**v.** **C.A. No. 07-463 S**

**DAVID PETRUCCI, ET AL.**

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge.

Pro se plaintiff, Peter J. Bibby, filed the instant case with the Court on December 14, 2007 (Docket # 1). On April 11, 2004, plaintiff filed a motion for Entry of Default against defendants City of Providence and David Petrucci for failure to answer the complaint, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (the "Federal Rules")(Docket # 17). On the same day, the Clerk of the Court made an Entry of Default as to defendants David Petrucci and the City of Providence (Docket # 18). Presently before the Court is a motion on behalf of defendant David Petrucci to set aside the default entered against him (Docket # 20). Plaintiff has objected to defendant Petrucci's motion to set aside the default (Docket # 25). For the reasons set forth below, defendant Petrucci's motion is GRANTED.

Plaintiff's motion for entry of default against defendant Petrucci was based on Petrucci's failure to respond to plaintiff's complaint. However, in this case, plaintiff never sufficiently effected service of process on Petrucci as required by Rule 4 of the Federal Rules. Specifically, plaintiff had no proper home address for defendant Petrucci and directed the United States Marshal to serve process on the clerk of the Human Resource Bureau at the Providence Police Department, Petrucci's former employer and place of business. Rule 4(e), the method by which plaintiff attempted to serve

process, requires that process be served on the defendant personally or be left with a person of suitable age and discretion at the defendant's "dwelling house or usual place of abode" or by delivering a copy of the summons and complaint to an authorized agent. Fed.R.Civ.P. 4(e). Service at a defendant's place of employment does not qualify as service at defendant's dwelling house or usual place of abode under Rule 4(e). 4A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1096 (3d ed. 2002); *see also, e.g., Perez-Lopez v. Mangome*, 117 F.R.D. 327 (D.C. Puerto Rico 1987)(motion for entry of default judgment for lack of appearance by defendant police officer denied because service of process at police station was invalid).

Additionally, there is no evidence that the clerk of the Human Resource Bureau at the Providence Police Department was an agent "authorized by appointment or by law" for defendant Petrucci, who has not been an employee of the Providence Police Department for a number of years.

Rule 55(c) of the Federal Rules allows the court to set aside an entry of default for "good cause shown." A defendant's failure to receive effective service of process qualifies as "good cause." *See, e.g., Coon v. Grenier*, 867 F.2d 73 (1st Cir. 1989). As defendant Petrucci has not been sufficiently served in accordance with the Federal Rules in this case, the entry of default based on his failure to plead or otherwise defend the case should be set aside. Accordingly, defendant Petrucci's motion to set aside the default is GRANTED.

IT IS SO ORDERED

Jacob Hagopian
Senior United States Magistrate Judge
June 3, 2008