UNITED STATES DISTRICT COURT FOR DISTRICT OF RHODE ISLAND

PETER J. BIBBY : CA. NO. 07-463-S

VS. :

DAVID PETRUCCI :
AND
PROVIDENCE POLICE DEPT. ET.AL. :
AND
CITY OF PROVIDENCE ET.AL. :
AND
JANE AND JOHN DOE ET.AL. :

==================================================================

PLAINTIFF'S SUPPLEMENTAL DECLARATION WITH MEMORANDUM AND EXHIBIT IN SUPPORT OF REQUEST FOR PRODUCTION OF DOCUMENTS AND MOTION TO COMPEL

NOW COMES THE PLAINTIFF, PETER J. BIBBY, PRO-SE, IN THE ABOVE ENTITLED ACTION AND MOVES THIS HONORABLE COURT FOR THERE CONSIDER ATION OF THE WITHIN DECLARATION TOGETHER WITH ITS EXHIBITS AND MEMORANDUM, AS SUPPORT FOR PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, THE PLAINTIFF STATES THE FOLLOWING, AND SUBMITS THE WITHIN MEMORANDUM WITH EXHIBITS:

HISTORY AND PROCEDURAL WITH ARGUMENT

HERE IN THE CASE AT BAR, THE PLAINTIFF'S REQUEST WAS OF INTERNAL AFFAIRS RECORDS PERTAINING TO THE ACTIONS, RESPONSE, AND THE INVESTIGATION OF DAVID PETRUCCI, AND PETER J. BIBBY. AND IS ACCESSIBLE IN REDACTED FORM, UNDER APRA 38-2-2 (d)(4). SEE DARE VS. GANNON: 713 A2d 218-227 (R.I. 1998) SEE EXHIBIT A

PLAINTIFFS REQUESTS IN GANNON WAS DENIED, AND APPEALED, BECAUSE OF THE FOLLOWING REASONS; QUOTED.

LISTINGS OF: "ALL FINDINGS" FROM INVESTIGATION OF POLICE MISCONDUCT THAT WERE CONDUCTED BY BUREAU OF INTERNAL AFFAIRS "WERE NOT" "PUBLIC RECORDS" SUBJECT TO DISCLOSURE UNDER ACCESS TO PUBLIC RECORDS ACT (APRA), R.I. GEN. LAWS 38-2-3 (f).

THE REQUESTS BY THE PLAINTIFF WERE NOT RELEVANT TO THERE CASE AND FOR THIS REASON WERE NOT ACCESSIBLE, UNDER APRA. MY REQUEST IS APPROPIATE BECAUSE IT"S THESE FINDINGS THAT ARE RELEVANT TO ESTABLISH PETRUCCI INTENT AND SHED LIGHT ON HIS MOTIVE.
THE INTERNAL AFFAIRS RECORDS WILL SHOW THAT PETRUCCI WAS TERMINATED AS A RESULT OF HIS ACTIONS, DIRECTLY RELATED TO MY CASE AND AS A RESULT ARE ADMISSABLE FOR DISCLOSURE UNDER APRA, 38-2-2(d).
THE INTERNAL AFFAIRS RECORDS WILL SHOW PETRUCCI ACTIONS, AND THE SUPERVISORS ACTED THE WAY THEY DID BY LIEING TO MY WIFE AND TELLING HER THAT IF YOU GIVE US THE CHECK WE THE PROVIDENCE POLICE WILL COLLECT THE MONIES FROM PETRUCCI, THE REASON THEY DID THIS WAS NOT TO DO THERE JOB, BUT TO PROTECT THE CITY FROM AN EMBARASSING SITUATION, AFTER THEY TOOK THE CHECK, THEY CONSPIRED WITH THERE ATTORNEYS WHICH CAUSED MORE DELAY IN DISMISSAL.
OFFICER COLIN TOLD MY WIFE THAT PETRUCCI WAS A DIRTY COP, AND THEY BECAME AWARE OF THIS INFORMATION AFTER TALKING TO PETRUCCI ON A TAPED RECORDED LINE. WHEN OFFICER HAD MY DAUGHTER CALL DAVID PETRUCCI, THEY DETERMINED THAT HE WAS WRONG IN HIS ACTIONS, THE PROVIDENCE POLICE CONTINUED THIS CONSPIRACY BY TAKING OF PROPERTY

WITHOUT OFFERING A MEANS TO RETURN THE MONEY.

SEE RULE OF EVIDENCE (401 AND 402), DEFINITION OF RELEVANT EVIDENCE.

"RELEVANT EVIDENCE" MEANS EVIDENCE HAVING ANY TENDENCY TO MAKE THE EXISTENCE OF ANY FACT THAT IS OF CONSEQUENCE TO THE DETERMIN-ATION OF THE ACTION MORE PROBABLE THAN IT WOULD BE WITHOUT THE EVIDENCE. PUB.L.93-595, 1,JAN.2, 1975, 88 STAT.1931.)

RELEVANT EVIDENCE GENERALLY ADMISSABLE; IRREVELANT EVIDENCE THAT IS NOT ADMISSABLE.

ALL RELEVANT EVIDENCE IS ADMISSABLE, EXCEPT AS OTHERWISE PROVIDED BY THE CONSTITUTION OF THE UNITED STATES, BY ACT OF CONGRESS, OR BY OTHER STATUTORY AUTHORITY. EVIDENCE WHICH IS NOT RELEVANT IS NOT ADMISSABLE.

THE PRODUCTION OF PETRUCCI RECORDS WILL SHOW THAT PETRUCCI HAD NO MONEY IN HIS CHECKING ACCOUNT WHEN HE GAVE ME THE CHECK, OR ON JULY 19, 2004. AND THIS INFORMATION CAME OUT AT THIS TAPED RECORDED CONVERSATION WITH ME AND MY DAUGHTER.

I BELIEVE THAT PETRUCCI RECORDS AND THE TAPED CONVERSATION IS ADMISSABLE AND REQUIRED TO BE RELEASED IN REDACTED FORM, BECAUSE IT WAS LEARNED AT A HEARING THAT DETERMINED HIS TERMINATION AND IS ADMISSABLE UNDER 38-2-2 (d).

SEE DARE VS. GANNON 713 A2d 218-227 R.I. 1998).

**EXHIBIT A PAGE 219, PAR. 8,9,AND 12.**

REPORTS MADE BY POLICE DEPARTMENT HEARING OFFICERS, THAT CONTAINED FINAL DISPOSITION OF POLICE CHIEF WITH RESPECT TO CIVILIAN COMPLAINTS, WERE "PUBLIC RECORDS" SUBJECT TO DISCLOSURE UNDER ACCESS TO PUBLIC RECORDS ACT (APRA), IN REDACTED FORM. GEN. LAWS 1956, @ 38-2-2 (d) (1996).

REPORTS CONCERNING DISCIPLINARY ACTIONS TAKEN WITH RESPECT TO CIVILIAN COMPLAINTS OF POLICE MISCONDUCT, AS RESULT OF RECOMMENDATION MADE BY HEARING OFFICER'S DIVISION, WERE SUBJECT TO DISCLOSURE UNDER ACCESS TO PUBLIC RECORDS ACT (APRA), TO EXTENT THAT REPORTS EXISTED AND REFLECTED FINAL ACTION. GEN. LAWS 1956 @ 38-2-2(d)(4)(1996).

**SUMMARY**

AS PREVIOUSLY STATED AS A RESULT OF THE FACT THAT PETRUCCI WAS TERMINATED, THESE RECORDS ARE ACCESSIBLE FOR DISCLOSURE.

WHEREFORE,
FOR THE REASONS STATED IN THE WITHIN DECLARATION THE PLAINTIFF PRAYS THAT THIS HONORABLE COURT GRANT THE PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS BY THE DEFENDANTS CITY OF PROVIDENCE IN HIS MOTION TO COMPEL.

DATED ON: JULY 22,2008

PRESENTED BY:

EXHIBITS ARE: A
ATTACHED.

PETER J. BIBBY PRO-SE
P.O. BOX 8274
CRANSTON, R.I. 02920
MEDIUM #1 71058 FR1B

CERTIFICATION

I CERTIFY THAT ON 22 DAY OF JULY, 2008, I MAILED A TRUE AND ACCURATE COPY OF THE WITHIN DECLARATION TOGETHER WITH

THE MEMORANDUM AND ITS EXHIBITS TO CITY OF PROVIDENCE ATTENTION KEVIN MCHUGH AT 275 WESTMINSTER STREET PROVIDENCE, R.I. 02903. SUITE 200.

I CERTIFY THAT ON 22 DAY OF JULY, 2008, I MAILED A TRUE AND ACCURATE COPY OF THE WITHIN DECLARATION TOGETHER WITH THE MEMORANDUM AND ITS EXHIBITS TO OLENN & PENZA AT 530 GREENWICH AVENUE WARWICK, R.I. 02886, ATTENTION. MICHAEL J. COLUCCI.

I CERTIFY THAT ON 22 DAY OF JULY, 2008, I MAILED A TRUE AND ACCURATE COPY OF THE WITHIN DECLARATION TO UNITED STATES DISTRICT COURT AT ONE EXCHANGE TERRACE, FEDERAL BUILDING AND COURT HOUSE PROVIDENCE RHODE ISLAND, 02903, ATTN. CLERK.

---------------------------
PETER J. BIBBY PRO-SE