UNITED STATES DISTRICT COURT FOR DISTRICT OF RHODE ISLAND

PETER J. BIBBY : CA.NO.07-463-S

VS. :
DAVID PETRUCCI INDIVUALLY,
CITY OF PROVIDENCE ET.AL., :
PROVIDENCE POLICE DEPARTMENT
ET.AL; JANE AND JOHN DOE ET.AL. :

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF CIVIL ACTION AND REQUEST FOR INTERNAL AFFAIRS RECORDS

### SUPPORTED BY AFFIDAVIT

IN THE APPROPIATE CASE PLAINTIFF IS ENTITLED TO INTERNAL AFFAIRS RECORDS DARE VS. GANNON, 713-A2d-218; SKIBO VS. NEW YORK (1985, ED NY 109 FRD 58, 20 FED RULES EVID SERV 372,4FR SERV 3D 293.

HERE IN THE INSTANT CASE, THE CITY OF PROVIDENCE, HAS OBJECTED TO THE PLAINTIFFS REQUEST FOR DISCOVERY OF INTERNAL AFFAIRS RECORDS, AS BASIS FOR THEY ALLEDGE THAT PETRUCCI WAS ON PROBATION THEREFORE THERE WAS NO FINAL REPORT, WHICH APPLYS TO APRA.

THE COURT HAS RULED:

A PERSON WHO "SUBJECTS" ANOTHER TO DEPRIVATION OF A CONSTITUTIONAL RIGHT WITHIN MEANING OF 42 USC 1983, IF A PERSON DOES AFFIRMATIVE ACT OR OMITS TO PERFORM ACT WHICH HE IS LEGALLY REQUIRED TO DO THAT CAUSES DEPRIVATION OF WHICH COMPLAINT IS MADE, AND ANYONE WHO "CAUSES" ANY CITIZEN TO BE SUBJECTED TO CONSTITUTIONAL DEPRIVATION IS ALSO LIABLE, JOHNSON VS. DUFFY (1978, CA9 CAL) 588 F2d 740.

IN THE INSTANT CASE INSPECTOR COLIN AND WELLS WERE PLACED IN CHARGE BY THE AUTHORITYS IN THE CITY OF PROVIDENCE, TO INVESTIGATE THE ACTIONS OF FORMER OFFICER DAVID PETRUCCI AND HIS PERSONAL INTERESTS THAT LEAD TO THE CONSTITUTIONAL VIOLATION OF MY RIGHTS. WHEN COLIN TOLD ME THAT HE NEEDED TO SEE THE CHECK HE NEVER MENTIONED THAT IT WAS HIS INTENTION OF KEEPING MY EVIDENCE, HE DID THIS INTENTIONALLY, BECAUSE HE REALIZED THAT PETRUCCI ACTIONS WAS A COMMON LINK TO THE CITY OF PROVIDENCE.

IT WAS COLIN ACTIONS THRU HIS POSITION AS SUPERVISORY INVESTIGATOR THAT TIED THE CITY OF PROVIDENCE THRU CONSPIRACY, IN ADDITION COLIN TOLD MY WIFE THAT HE WOULD COLLECT THE MONEYS FROM PETRUCCI, ANOTHER FORM OF DECEPTION ALL IN AN EFFORT TO DENY MY FAMILY DUE PROCESS THRU THE TAKING OF PROPERTY.

THE COURT HAS RULED THAT A:

POLICE CHIEF WAS VICARIOUSLY LIABLE FOR ACTS OF HIS SUBORDINATES ONLY IF HE DIRECTED, ORDERED, OR PARTICIPATED IN, OR APPROVED OF THESE ACTIONS, **FORD V. BYRD (1976, CA5 TEX.) 544 F2d 194. SEE EXHIBIT A.**

THERE CAN BE LITTLE DOUBT THAT THERE IS NOT A POLICY THAT ALLOWS INVESTIGATORS TO CONSPIRE WITH ILLEGAL ACTIONS, IN ORDER TO DEPRIVE A PERSON OR A CITIZEN OF HIS OR HER CONSTITUTIONAL RIGHTS

WHERE ONE OFFICER WITH AUTHORITY DIRECTS HIS SUBORDINATES TO INTERFERE WITH CIVIL RIGHTS OF ANOTHER, THAT OFFICER IS ACTIVE PARTICIPANT IN INTERFERENCE AND CAN BE HELD LIABLE UNDER 42 USCS 1983 FOR SUBORDINATES "ACTIONS". **SMITH V. HEATH (1982,CA6 TENN) 691 F2d 220.**

TAKING OF PROPERTY IS JUSTIFIBALE WHEN IT DOES NOT VIOLATE A PERSONS CONSTITUTIONAL RIGHTS. TO INTENTIONALLY DEPRIVE A PERSON OF THERE RIGHTS TO DUE PROCESS IS A VIOLATION OF THERE RIGHTS.

MUNICIPAL POLICY THAT IS NOT UNCONSTITUTIONAL, BUT MERELY PERMITS OR TOLERATES UNCONSTITUTIONAL ACTS BY CITY EMPLOYEES, CAN BE A BASIS FOR MUNICIPAL LIABILITY UNDER 1983, **FIACCO V. RENSSELAER;**

MUNICIPALITY MAY BE HELD LIABLE UNDER 1983 ON BASIS OF POLICY OF DELIBERATE INDIFFERENCE TO CONSTITUTIONAL RIGHTS OF PERSON WITHIN ITS DOMAIN, UNDER 1983, **FIACCO V. RENSSELAER (1986, CA2 NY.)319, 20 FED RULES EVID SERV 49, CERT DEN (1987) 480 U.S.922, 94 LED 2d 698, 107 S.CT 1384.**

PETRUCCI ACTS WERE IN THE LINE OF DUTY, BECAUSE HE USED HIS JOB TO SHIELD HIS ILLEGAL ACT, HE VIOLATED ANY IMMUNITY (QUALIFIED) THAT MAY HAVE BEEN AFFORDED , **SEE EXHIBIT B.**

CITY POLICEMAN ACTS WHILE IN THE LINE OF DUTY MADE HIM AND THE CITY LIABLE FOR DAMAGES LATTER TO EXTENT OF LIABILITY INSURANCE POLICY CARRIED BY THE CITY, **MCARTHUR VS. PENNINGTON (1963, ED**

TENN) 253 F SUPP 420.

THE COURT HAS RULED IN RHODE ISLAND THAT THE PREVAILING STANDARDS FOR QUALIFIED IMMUNITY IS THAT GOVERMENT OFFICIALS PERFORMING DISCRETIONARY FUNCTIONS GENERALLY ARE SHIELDED FROM LIABILITY FOR CIVIL DAMAGES INSOFAR AS THERE ACTIONS " DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL ACTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN." **WHITING V. KIRK, 768 F.SUPP, 26, REVERSED 960 F2D 248 AS AMENDED. AND CHARRON VS. PICARO 811 F. SUPP. 768.**

A PUBLIC OFFICER MAY BE HELD LIABLE IF HE ACTUALLY PARTICIPATED IN AN ACT OF NEGLIGENCE OR APPROVED IT, AND SUCH ACT RESULTED IN INJURY TO PLAINTIFF, SPECIALLY AND PECULIARLY AS PRIVATE INDIVUAL AND NOT MERELY AS ONE OF GENERAL PUBLIC, BUT WRONGFULL ACT MUST BE ONE OF MISFEASANCE BY SUBORDINATES OR OFFICERS OWN NONFEASANCE BUT MUST BE AN ACT OF PERSONAL MISFEASANCE BY OFFICER. **GRAY VS. WOOD 64 A2d 191, 75 R.I. 123 (1949).**

THERE CAN BE LITTLE DOUBT WHY THE CITY OF PROVIDENCE DID NOT WANT TO PROVIDE THE RECORDS I REQUESTED IN MY 1ST REQUEST FOR PRODUCTION OF DOCUMENTS, BECAUSE THERE RECORDS CONNECT THE ILLEGAL ACTIVIES OF PETRUCCI TO THE CITY OF PROVIDENCE, IN CONTINUATION OF A CONSPIRACY, FOR THIS REASON INTERNAL AFFAIRS TRIED TO COVER UP PETRUCCI ACTIONS BY THE TAKING OF PROPERTY WITHOUT DUE PROCESS OF LAW. OFFICER COLIN KNEW THAT PETRUCCI STOPPED PAYMENT ON THE CHECK AFTER HE ARRESTED ME, AND HE HELD MY CHECK, TO STOP ME FROM FILING CRIMINAL CHARGES AGAINST PETRUCCI. SEE EXHIBIT B. IT WAS COLIN'S CONSPIRACY THAT DEPRIVED ME OF THE RIGHT TO DUE PROCESS THRU TAKING OF CHECK. ALL IN HIS HOPES THAT I WOULD NOT PURSUE THE ISSUES AGAINST THE CITY OF PROVIDENCE AND PETRUCCI. AND THAT IS ANOTHER REASON IT TOOK SO LONG TO DISMISS THE CHARGES, BECAUSE THE CITY HAD ALL THERE EVIDENCE ON 8/18/2004 AND NEEDED TO TALK TO THERE LEGAL DEPARTMENT AND THE ATTORNEY GENERALS OFFICE, IT WAS NOT UNTIL 9/23/2004 THAT THEY DISMISSED THE CHARGES. SEE 48A EXHIBIT C. PLAINTIFF REQUESTS AN ORDER FROM THE COURT FOR THE RECORDS FROM THE INTERNAL AFFAIRS AND DAVID PETRUCCI IN THE INTERESTS OF JUSTICE TO SHOW THE ACTIONS AND MOTIVES OF BOTH THE CITY AND DAVID PETRUCCI.

DATED ON AUGUST 13, 2008

PRESENTED BY:

PETER J. BIBBY PRO-SE
P.O. BOX 8274
CRANSTON, R.I. 02920
MEDIUM #1 71058 FR1B

**CERTIFICATION**

I CERTIFY THAT ON 13 DAY OF AUGUST, 2008 I MAILED A TRUE AND ACCURATE COPY OF THE WITHIN AFFIDAVIT AND SUPPORTING MEMORANDUM WITH EXHIBITS TO KEVIN MCHUGH AT 275 WESTMINSTER STREET, PROVIDENCE, R.I. 02903 SUITE 200.

I CERTIFY THAT ON 13 DAY OF AUGUST, 2008, I MAILED A TRUE AND ACCURATE COPY OF THE WITHIN AFFIDAVIT AND SUPPORTING MEMORANDUM WITH EXHIBITS TO OLENN AND PENZA ATTN. MICHAEL J. COLUCCI AT 530 GREENWICH AVENUE WARWICK, R.I. 02886.

I CERTIFY THAT ON 13 DAY OF AUGUST, 2008, I MAILED A TRUE AND ACCURATE COPY OF THE WITHIN AFFIDAVIT AND SUPPORTING MEMORANDUM WITH EXHIBITS TO THE CLERK OF THE DISTRICT COURT AT ONE EXCHANGE TERRACE FEDERAL BUILDING AND COURT HOUSE PROVIDENCE R.I. 02903.

PETER J. BIBBY PRO-SE