## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**PETER J. BIBBY**

**v.**                                                           **C.A. NO. 07-463 S**

**DAVID PETRUCCI, ET AL.**

### REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Peter J. Bibby, *pro se*, filed a complaint ("Complaint") on or about December 14, 2007 naming as defendants former Providence police officer David Petrucci; the City of Providence (the "City"); the Providence Police Department (the "PPD"); and Jane and John Does (Docket # 1). Plaintiff filed suit pursuant to 42 U.S.C. §1983 ("§1983"), urging that defendants violated his constitutional rights. Specifically, he alleges that (i) Petrucci, while a PPD officer, falsely arrested him for drug possession, resulting in his false imprisonment and (ii) PPD officers refused to return to him a $500 check he had provided the PPD as evidence of his false arrest.

Presently before the Court is a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by defendants Petrucci and the City. Petrucci and the City urge that the PPD is not amenable to suit under §1983 and that this action is barred by the statute of limitations (Docket # 59). Plaintiff has objected to defendants' motion (Docket # 70). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I recommend that Defendants' Motion for Summary Judgment be GRANTED and the action be DISMISSED.

### BACKGROUND

In order to provide background, the following description is culled from plaintiff's submissions in this matter, except as otherwise noted:

1

In the Spring of 2004, Petrucci hired plaintiff to work on a plumbing job, but failed to pay plaintiff for the work. On July 16, 2004, Petrucci finally paid plaintiff with a check for $500. However, when plaintiff attempted to cash the check, there were insufficient funds in the account to cover the check. Thereafter, plaintiff arranged for Petrucci to meet him at his apartment to pay him for the plumbing work. On July 19, 2004, Petrucci and another officer entered plaintiff's apartment in full uniform. Rather than pay him, Petrucci arrested plaintiff for illegal drug possession, which plaintiff alleges Petrucci planted in the apartment.

According to defendants, plaintiff was detained by the PPD the night of his arrest. *See* Defendants' Reply Memorandum Re: Motion For Summary Judgment (Docket # 74), at p.1. The next day, plaintiff was bound over as a probation violator related to prior convictions and transferred to the Adult Correctional Institutions (the "ACI") in the custody of the Rhode Island Department of Corrections. *See id.* at p.3; Plaintiff's Pretrial Memorandum at Exh. C ("Rap Sheet").

While at the ACI, plaintiff complained to the PPD internal affairs about his arrest. In connection with the PPD's investigation of the arrest, plaintiff's wife gave PPD officer Colins the $500 check that plaintiff had received from Petrucci.

On September 23, 2004, the Rhode Island Attorney General dismissed the drug possession charges against plaintiff under Rule 48(a) of the Rhode Island Rules of Criminal Procedure. *See* Rap Sheet. Plaintiff, however, remained at the ACI until December 18, 2004 on the probation violations that had resulted from the drug possession arrest. *Id.* Although he made a number of appearances before the Rhode Island state court between September 23rd and December 4th, his attorney failed to appear. *Id.*; Plaintiff's Pretrial Memorandum, at p.2. He was finally released after he hired a new lawyer who arranged for his release. *Id.*

## UNDISPUTED FACTS

According to the parties' submissions, it is undisputed that plaintiff (1) was arrested by Petrucci on July 19, 2004, *see* Complaint (Docket # 1), at ¶11; (2) appeared before a judge of a Rhode Island state court and was transferred to the ACI in the custody of RIDOC on July 20, 2004, *see* Rap Sheet; and (3) filed the Complaint in this Court on or about December 14, 2007.

## DISCUSSION

### I.     Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)(quoting Fed.R.Civ.P. 56 advisory committee notes). Summary judgment can only be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." *Garside*, 895 F.2d at 48 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine trialworthy issue remains. *Cadle*, 116 F.3d at 960.

## II.   Actions Pursuant to §1983

Plaintiff filed the instant action pursuant to §1983.  In order to maintain a §1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980).  Further, for plaintiff to succeed, defendants must not present any viable affirmative defenses.  As discussed below, I find that plaintiff's claims fail because (i) the PPD is not a "person" subject to §1983; (ii) plaintiff's false arrest and imprisonment claims against Petrucci and the City are time barred; and (iii) plaintiff fails to allege any actions attributable to the City related to the retention of his check by PPD officers.

## III.   PPD Not Amenable to §1983 Suit

This Court has previously determined that the PPD, as an arm of the City Government, is "not an 'independent legal entity' subject to suit as a 'person' under 42 U.S.C. §1983." *Zendran v. Providence Police Dep't*, C.A. No. 04-455ML (D.R.I. October 5, 2005) (Memorandum and Order dismissing Complaint)(citations omitted), *aff'd* No. 05-2660 (1st Cir. June 12, 2006); *cert. denied* 549 U.S. 1079, 127 S.Ct. 726 (2006); *rehearing denied* 549 U.S. 1247, 127 S.Ct. 1365 (2007).  Accordingly, the PPD is not a proper defendant in this action.  I therefore recommend that the claims against the PPD be DISMISSED.

## IV.   Claims of False Arrest and Imprisonment in Violation of Constitutional Rights Inapplicable or Time Barred

### A.   Fifth, Eighth and Fourteenth Amendments Inapplicable

Plaintiff urges, without providing any legal authority, that the allegedly false arrest and resulting imprisonment violated his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution; however, his reliance on such amendments does not apply here.

4

The Fifth Amendment applies to actions of the federal, not state or local, government. *See Public Utilities Commission v. Pollak*, 343 U.S. 451, 461, 72 S.Ct. 813, 820 (1952); *Martinez-Rivera v. Sánchez Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). As neither Petrucci nor the City of Providence are federal actors, I find the Fifth Amendment does not apply here. Accordingly, I recommend plaintiff's Fifth Amendment claims against Petrucci and the City be DISMISSED.

The Eighth Amendment, which protects convicted prisoners against cruel and unusual punishment, is relevant only after the prisoner has been found guilty, through a criminal prosecution, in accordance with due process of law. *See Martínez-Rivera*, 498 F.3d at 8. As plaintiff was not found guilty after a criminal prosecution with respect to the drug charges for which he was arrested by Petrucci, I find the Eighth Amendment does not apply in the instant action. Accordingly, I recommend plaintiff's Eighth Amendment claims against Petrucci and the City be DISMISSED.

Similarly, plaintiff's reliance on the substantive due process protections of the Fourteenth Amendment is misplaced. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272, 114 S. Ct. 807, 812 (1994) (plurality opinion). Further, "where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Id.* at 273; 114 S.Ct. at 813 (quoting *Graham*, 490 U.S. at 395, 109 S.Ct. at 1871). As the Fourth Amendment specifically addresses "the deprivations of liberty that go hand in hand with criminal prosecutions," *id.* at 274, 114 S. Ct. at 813, plaintiff's claims regarding false arrest and imprisonment cannot be predicated on substantive due process under the Fourteenth

Amendment. *See Crispin-Taveras v. Municipality of Carolina*, No. 07-2017, 2009 WL 349751, at *5 (D.P.R. Feb. 10, 2009); *Hagins v. Madden*, No. 94 C 5629, 1995 WL 263446, at *4 (N.D.Ill. May 2, 1995); *c.f. Nieves v. McSweeney*, 241 F.3d 46, 53-55 (1st Cir. 2001) (no Fourteenth Amendment substantive due process claim for malicious prosecution). Accordingly, I recommend that plaintiff's claims for violation of substantive due process under the Fourteenth Amendment be DISMISSED.

### B.   Claim under Fourth Amendment Time Barred

Although not specifically cited by plaintiff, plaintiff's allegations of false arrest and imprisonment implicate the Fourth Amendment prohibition against unreasonable search and seizure, applicable to state and municipal actors through the Fourteenth Amendment. *See Albright*, 510 U.S. at 274, 114 S.Ct. at 813 ("deprivations of liberty that go hand in hand with criminal prosecutions" are properly analyzed under the Fourth Amendment); *Camilo-Robles v. Hoyos*, 151 F.3d 1, 6 (1st Cir. 1998)("The right to be free from unreasonable seizure (and, by extension, unjustified arrest and detention) is clearly established in the jurisprudence of the Fourteenth Amendment (through which the Fourth Amendment constrains state action)"). However, even under the Fourth Amendment, plaintiff's constitutional claims regarding his alleged false arrest and imprisonment are still subject to dismissal as a matter of law because they are barred by the statute of limitations.

To determine the appropriate limitation period in suits brought pursuant to §1983, which does not have its own limitation period, federal courts look to the forum state's statute of limitations governing personal injury actions. *Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 582 (1989). The applicable statute of limitations in this jurisdiction is R.I. Gen. Laws 9-1-14(b), which provides for a three year limitations period. *See* R.I. Gen. Laws 9-1-14(b).

Although the parties here do not dispute the application of the three year statute of limitations, plaintiff urges that the statute of limitations related to his allegedly false arrest and imprisonment did not begin to run until he was released from the ACI on December 18, 2004. He thus contends that the filing of this action on or about December 14, 2007 was within the three year period. He points to various state law cases holding that the statute of limitations for false arrest and imprisonment commences upon release from prison.

Importantly, however, unlike the limitations period, federal law, rather than state law, governs the accrual date in §1983 actions. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095 (2007). With respect to §1983 claims for false arrest and imprisonment in violation of the Constitution, the United States Supreme Court in *Wallace* recently rejected the theory that false imprisonment does not end until the victim is released from custody. *Id.* at 390, 127 S.Ct. at 1096. The *Wallace* Court explained that false arrest and imprisonment refer to detention without legal process that ends once the victim becomes held pursuant to the legal process, such as when he is bound over by a magistrate judge or arraigned on charges. *Id.* at 389, 127 S.Ct. at 1095-1096. The Court thus held that the statute of limitations in a §1983 action for false arrest and imprisonment in violation of the Fourth Amendment "begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397, 127 S.Ct. at 1100; *see also Acosta v. Toledo*, 571 F.Supp.2d 316, 319-321 (D.P.R. 2008).

Here, plaintiff became detained pursuant to the legal process, and hence the statute of limitations began to run, when he was held over as a probation violator by a Rhode Island State Court the day after his arrest, on July 20, 2004. Since the instant complaint was not filed until December 14, 2007, more than three years after the accrual date, I find that plaintiff's claims based on his alleged false arrest and imprisonment are time barred. Accordingly, I recommend that such claims be DISMISSED.

## V.   Failure to Return Check:  No Allegations of Action Attributable to City

Plaintiff also alleges that the City, through the PPD, violated his Constitutional rights by not returning his $500 check.  Although plaintiff provides no legal authority for his position, he suggests that the PPD's retention of his property violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

The City does not address this claim in its motion for summary judgment; however, as plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915, the Court is compelled under §1915(e)(2) to prescreen the complaint and dismiss any claims that, *inter alia*, fail to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2).  In determining if the claim is one on which relief may be granted, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions.  *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992).  Further, the Court must review pleadings of a *pro se* plaintiff liberally.  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976).  To state a claim for relief, a pleading must contain factual allegations that "raise [plaintiff's] right to relief above the speculative level" and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965 (2007) (citations omitted); Fed.R.Civ.P. 8(a)(2).

Here, although plaintiff alleges that PPD officers refused to return his check, the complaint contains no factual allegations connecting actions attributable to the City with the retention of the check.  While a municipality is a type of "person" to which §1983 applies, a municipality may not be held liable under §1983 for the acts of its employees on a *respondeat superior* basis.   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978).  Instead, a municipality may be held liable for unconstitutional acts only to

8

the extent that such acts are tantamount to a "policy" or "custom" of the municipality. *Id.* at 694, 98 S.Ct. 2037. This may be proved by a showing that (i) the acts were carried out pursuant to established policy or were reflective of a governmental custom, or (ii) were taken or ratified by a final policymaker for the municipality or someone to whom final policymaking authority clearly was delegated. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121-27, 108 S.Ct. 915, 923-27 (1988). Further, proof of a single incident of unconstitutional activity by non-policymakers alone is not sufficient to demonstrate the existence of an unconstitutional policy that can impose liability under *Monell*. *Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427, 2436 (1985). Additionally, plaintiff must show a direct causal link between the municipal action and the deprivation of federal rights. *See Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 117 S.Ct. 1382, 1388 (1997).

Here, plaintiff has failed to connect action by the City or the PPD to the alleged deprivation of his constitutional rights. Plaintiff alleges neither the existence of a policy or custom nor facts indicating that the City or the PPD adopted or acquiesced in a policy, practice, or custom related to the retention of his check. The complaint is also devoid of allegations that a policymaker was involved or that the PPD officers were inadequately trained. Thus, I find that plaintiff's claim against the City for a violation of his due process rights under the Fourteenth Amendment fails to state a claim on which relief may be granted. *See* Fed.R.Civ.P. 8(a) (requiring pleading to contain a "statement of the claim showing that the pleader is entitled to relief"); *see also, e.g., Binder v. Redford Twp. Police Dep't*, 93 Fed.Appx. 701, 704 (6th Cir. 2004) (summary judgment granted for municipality where plaintiff, alleging police violated his due process rights by releasing stolen motorcycle in police possession to third party, failed to demonstrate municipal policy or custom regarding release of stolen property). Accordingly, I recommend that such claim against the City be DISMISSED.

**VI.    No Claims against Jane and John Doe**

Plaintiff also names John and Jane Doe as defendants.   However, he fails to suggest who these parties might be and makes no allegations of injurious conduct attributable to these unnamed individuals. Although John and Jane Doe, who have not been identified or served, are unable to move to dismiss, as plaintiff has proffered no allegations suggesting a right to relief with respect John and Jane Doe, pursuant to the prescreening obligation in § 1915(e)(2), I find that plaintiff has failed to state a claim on which relief may be granted against Jane and John Doe.  Accordingly, I recommend that the action against John and Jane Doe be DISMISSED.

## CONCLUSION

In summary, I have determined that (i) the PPD is not a "person" for purposes of §1983; (ii) plaintiff's claims against Petrucci and the City for false arrest and imprisonment in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments are time barred or invalid; (iii) plaintiff fails to allege any policy or custom connecting the City to the retention of his check by PPD officers; and (iv) the complaint is devoid of any factual allegations against Jane and John Doe.  I therefore recommend that the Motion for Summary Judgment filed by Petrucci and the City be GRANTED, and further recommend that the action be DISMISSED in its entirety.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d).  Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
June 18, 2009

10