UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
                              )
PETER J. BIBBY,               )
                              )
           Plaintiff,         )
                              )
       V.                     )    C.A. No. 07-463-S
                              )
DAVID PETRUCCI, ET AL.,       )
                              )
           Defendants.        )
                              )
```

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Plaintiff Peter Bibby's Rule 60 Motion for Relief from an Order granting Defendants' Motion for Summary Judgment. Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983 for false arrest and imprisonment in December of 2007. The Court granted summary judgment to Defendants as to all counts of Plaintiff's Complaint, adopting the Report and Recommendation ("R&R") of Magistrate Judge Hagopian. The decision was based on the immunity of the Providence Police Department from suit under § 1983, as well as the expiration of the statute of limitations as to all other Defendants. Plaintiff now moves for relief from that judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. After careful consideration, for the reasons discussed below, Plaintiff's motion is granted, discovery is reopened, and ultimately further motions will be required.

I.  Background

    This case presents a tangled procedural web.  To unravel it,
some  discussion  is  required;  the  following  factual  account  is
culled from the aggregate of Plaintiff's filings, unless otherwise
noted.  Sometime in 2004, Plaintiff completed some contracting work
for Defendant David Petrucci, who was a Providence Police Officer.
On July 19, 2004, after a dispute relating to payment for those
services, Petrucci allegedly planted drugs in Plaintiff's apartment
and placed him under arrest.  The following day, July 20, 2004,
Plaintiff was bound over as a probation violator on unrelated prior
convictions  and  was  taken  into  the  custody  of  the  Rhode  Island
Department of Corrections.  On September 23, 2004, the Rhode Island
Attorney General dismissed the underlying criminal charges against
Plaintiff  relating  to  the  arrest  made  by  Petrucci.   However,
Plaintiff remained at the Adult Correctional Institutions ("ACI")
until  December  18,  2004,  on  the  probation  violations  that  had
resulted from the (ultimately dismissed) drug possession charge.

    Not  happy  about  his  dealings  with  Petrucci  and  his
incarceration, on July 9, 2007, Plaintiff mailed a complaint to the
Rhode  Island  Superior  Court  ("Superior  Court  Complaint").   In
relevant part, the Superior Court Complaint alleged that Defendant
Petrucci  falsely  arrested  Plaintiff,  and  that  as  a  result,
Plaintiff's "liberty was violated."  See Superior Court Complaint,
para. 14-16. The exhibits submitted with Plaintiff's federal court

filings indicate that the Superior Court Complaint was re-mailed on July 27, 2007.   Return receipts indicate that the Superior Court Clerk first received the Superior Court Complaint on July 13, 2007, and then a second time on July 30, 2007.   It appears that neither iteration of the Superior Court Complaint was ever docketed by that court, for reasons unknown.

Plaintiff initiated this action in December of 2007.   The Complaint lists the following Defendants: David Petrucci, both individually and as a police officer; the City of Providence; the Providence Police Department; and Jane and John Doe.   The Complaint alleges violations of Plaintiff's Fifth, Eighth, and Fourteenth Amendment Rights.   On July 22, 2009, the Court accepted the R&R and granted Summary Judgment as to all Defendants.   The Court found that the Providence Police Department is not amenable to suit under § 1983, and that the § 1983 claims against Petrucci and the City of Providence were time-barred.

On July 27, 2009, Plaintiff filed the instant Motion. Plaintiff also requested that this Motion be considered as his notice of intent to appeal.

II.  Standard of Review

Although Plaintiff cites only to Rule 60(b) of the Federal Rules of Civil Procedure, this Court will consider his motion specifically under Rule 60(b)(6), as it is the rule most applicable to his case.   It permits the Court to relieve a party from final

judgment for "any other reason that justifies relief." In granting a motion under Rule 60(b)(6), "[t]here must exist 'exceptional' circumstances that justify 'extraordinary' relief." United States v. 6 Fox Street, 480 F.3d 38, 46 (1st Cir. 2007) (quoting Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997)). "District Courts have 'broad discretion' to determine whether such circumstances exist." Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir. 2001) (quoting Valley Citizens for a Safe Env't v. Aldridge, 969 F.2d 1315, 1317 (1st Cir. 1992)). "The bar for such relief is set high because, as the Supreme Court noted . . . '[t]here must be an end to litigation someday . . .,' and therefore district courts must weigh the reasons advanced for reopening the judgment against the desire to achieve finality in litigation." Id. at 5-6 (quoting Ackermann v. United States, 340 U.S. 193, 198 (1950)). Ackermann made clear that the difference between ordinary circumstances and extraordinary circumstances justifying Rule 60(b)(6) relief is "the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence." 340 U.S. at 202. For instance, in Klaprott, a case cited by Ackermann, the defendant was entitled to Rule 60 relief from an entry of default because of his extreme illness, extreme poverty, and an intervening arrest on another matter that made it impossible for the defendant to appear in court or to answer pleadings. Klaprott v United States, 335

4

U.S. 601, 603-07 (1949).  On the other hand, litigation strategies
or overlooked or misinterpreted legal doctrines do not qualify for
Rule 60(b)(6) relief.  Paul Revere, 248 F.3d at 6.

As shall be discussed below, Plaintiff's case is ill-suited
for Rule 60 relief.  However, a "motion, though characterized as
one under Rule 60(b), which is filed within ten days of the entry
of judgment and questions the correctness of the judgment, will be
considered a functional Rule 59 motion."  Perez-Perez v. Popular
Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993) (quoting
Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1513-
14 (1st Cir. 1991)).  "Rule 59(e) motions are granted only where
the movant shows a manifest error of law or newly discovered
evidence."  Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)
(quoting Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d
54, 60 (1st Cir. 2007)).  "Rule 59(e) motions are 'aimed at
reconsideration, not initial consideration.'"  F.D.I.C. v. World
Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992) (quoting Harley-
Davidson Motor Co. v. Bank of New England, 897 F.2d 611, 616 (1st
Cir. 1990)) (emphasis in original).  "Motions under Rule 59(e) must
either clearly establish a manifest error of law or must present
newly discovered evidence.  They may not be used to argue a new
legal theory."  Id.

III. Discussion

    A.   Analysis under Rule 60

In the instant case, Plaintiff does little more than rehash his legal and factual arguments, urging the Court to reconsider its decision. However, the law is well settled that Rule 60 is not to be used to claim errors of law, as Plaintiff attempts to do here. See Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 189 (1st Cir. 2004) (citing Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir. 1971)). "Rule 60(b) may not be used as a substitute for an appeal." Parrilla-Lopez v. United States, 841 F.2d 16, 20 (1st Cir. 1988). Because it is nothing more than a misplaced appeal, and because Plaintiff has failed to point to any "extraordinary circumstances" that would justify relief, Plaintiff's Motion must fail under a Rule 60(b) analysis.

    B.   Analysis Under Rule 59

In deciding cases involving pro se litigants, the Court must be

> solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, [courts] hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.

Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

With this in mind, the Court has further reviewed Plaintiff's filings, and relevant Rhode Island law. It now concludes that dismissal of Plaintiff's case was untimely, and that the

evidentiary record was not sufficiently developed to justify such an outcome. Specifically, this Court did not consider Plaintiff's Superior Court Complaint and the impact it may have had on the applicable statute of limitations, although Plaintiff raised the issue in his Objection to Magistrate Judge Hagopian's R&R.

1.   The Application of Rhode Island's Statute of Limitations

In order to determine the applicable statute of limitations in this type of § 1983 case, the Court looks to "the statute of limitations period for personal injury cases in the forum state." Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir. 2008). Rhode Island has a three-year statute of limitations for injuries to the person. R.I. Gen. Laws § 9-1-14(b). The law is well-settled in Rhode Island that this three-year limitation period applies to alleged civil rights violations. Horn v. S. Union Co., 927 A.2d 292, 300 (R.I. 2007) (citing Paul v. City of Woonsocket, 745 A.2d 169, 171-72 (R.I. 2000)).

While state law determines the applicable statute of limitations, federal law governs the accrual date in § 1983 actions. See Wallace v. Kato, 549 U.S. 384, 388-89 (2007). Plaintiff's claims here sound in false arrest. The statute of limitations for such claims begins to run once the victim is released or becomes held pursuant to legal process. Id. at 389. That means that the statute of limitations began to run on July 20, 2004, the day Plaintiff was legally held over as a probation

7

violator.    Applying   Rhode   Island's   three-year   statute   of

limitations, Plaintiff's claim had to be filed by July 20, 2007 in

order to be timely.

Neither  Magistrate  Judge  Hagopian's  R&R  nor  this  Court,

however, has yet considered a Rhode Island statute that may offer

Plaintiff refuge.   R.I. Gen. Laws § 9-1-22 provides that:

> [i]f an action is timely commenced and is terminated in
> any other manner than by a voluntary discontinuance, a
> dismissal of the complaint for neglect to prosecute the
> action,  or  a  final  judgment  upon  the  merits,  the
> plaintiff...may commence a new action upon the same claim
> within one year after the termination.

In this case, it is unclear why Plaintiff's Superior Court

Complaint, dated July 9, 2007, was never docketed by the Superior

Court Clerk.   However, according to Rhode Island law, the date of

docketing is not the same as, nor as critical as, the date of

commencement.   R.I. Gen. Laws § 9-1-12 makes it clear that "[a]n

action is commenced for purposes of the statute of limitations when

the complaint is either filed with the court, *deposited in the mail

addressed to the clerk*, or delivered to an officer for service."

(Emphasis added).[1]   Thus, under a plain reading of Rhode Island

---

[1] Here the Court pauses to note the potential conflict between
R.I. Gen. Laws § 9-1-12 and Rule 3 of the Rhode Island Superior
Court Rules of Civil Procedure, which states that "[a] civil action
is commenced...(2) by depositing the complaint with [payment of the
entry fee prescribed by law] in the mail addressed to the clerk."
Because of the close fit between this Court's Order dismissing
Plaintiff's Complaint based on the statute of limitations, and the
Rhode Island General Law defining commencement of an action for
purposes  of  the  statute  of  limitations,  this  Court  reserves
judgment on the issue of the filing fee pending further discovery

law, Plaintiff's case was legally commenced on or about July 9,
2007.   At the latest, Plaintiff's U.S. Mail Return Receipt
indicates that the Superior Court Complaint was received on July
13, 2007, seven days prior to the expiration of the limitations
period.[2]

Of course, under the statutory scheme the date of commencement
is only part of the analysis; and it is the only part that is
sufficiently factually developed at this point.   In order for
Plaintiff to avail himself of the Rhode Island saving statute, his
case must also have been terminated for a qualifying reason.   On
the current state of the record, the fate of Plaintiff's Superior
Court Complaint is unknown.   It remains unclear whether Plaintiff's
action was ever officially terminated, or whether it became lost in
a procedural netherworld, destined like Lazarus to someday be
reawakened.   Because the issue of the termination of Plaintiff's
Superior Court action likely is outcome-determinative, the order

_____

and briefing by the parties.

   [2] Although Plaintiff's Superior Court Complaint listed some
defendants who are not listed in the Complaint, as to Defendant
Petrucci, it constitutes the "same claim" as contemplated by the
savings statute.   The Superior Court Complaint alleges that
Plaintiff's "liberty was violated" as a result of Defendant
Petrucci's false arrest.   See Superior Court Complaint, ¶¶ 14-16.
As Plaintiff is a pro se litigant, whose pleadings are to be held
to "less demanding standards than those drafted by lawyers," Dutil
v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008), this allegation would
clearly be sufficient to raise the specter of a constitutional
claim of deprivation of liberty.

granting Summary Judgment in favor of Defendant Petrucci[3] should be and is hereby VACATED to allow for further discovery and an evidentiary hearing to determine when and whether Plaintiff's Superior Court action was ever terminated, and if so in a manner qualifying him for the saving statute.

### 2.   Issues for Discovery and Further Proceedings

In order to guide the parties in their discovery, this Court will outline the possible outcomes after further factfinding as it relates to the status of Plaintiff's Superior Court claim.  The outcomes outlined below are not meant to be an exhaustive list of possibilities; instead, they should serve as an illustrative guide to the parties' further discovery and briefing.

---

[3] Dismissal of the claims against the Providence Police Department was proper, as "a suit against a municipal police department . . . is deemed to be a suit against the municipality itself." Murphy v. Town of Natick, 516 F. Supp. 2d 153, 158-59 (D. Mass. 2007) (citing Henschel v. Worcester Police Dep't, 445 F.2d 624 (1st Cir. 1971)).  As for the City of Providence, a municipality may not be held liable for the acts of its employees based on respondeat superior.  Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978).  Rather, a municipality may be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.  Because Plaintiff has failed to plead any facts to suggest a governmental policy that resulted in the deprivation of his constitutional rights, the claim against the City of Providence was properly dismissed.

       a.    Plaintiff's Superior Court Action was never commenced

As noted above, there is a degree of uncertainty surrounding Plaintiff's Superior Court Complaint. If Plaintiff's Superior Court Complaint was never "commenced" as that term is defined by Rhode Island law, then certainly the instant Complaint would have been untimely filed, as Plaintiff would not be able to avail himself of R.I. Gen. Laws § 9-1-22.

       b.    The Superior Court Action was commenced, then terminated for a reason that would afford Plaintiff an additional year to file the instant cause of action

According to R.I. Gen. Laws § 9-1-22, a Plaintiff has an additional year to re-commence his action, so long as that action was terminated for a reason other than "a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits." Thus, if upon further discovery and briefing, it is found that Plaintiff's Superior Court Action was commenced and subsequently terminated for a qualifying reason, Plaintiff would have the benefit of an additional year (from the date of termination) in which to file his claim.

       c.    The Superior Court Action was terminated for a reason that would not afford Plaintiff an additional year to file the instant cause of action

As previously mentioned, if Plaintiff's case was successfully commenced and subsequently terminated for a reason listed in R.I. Gen. Laws 9-1-22, then Plaintiff would not be able to avail himself

11

of that statute, the instant federal court action would be untimely, and Plaintiff would have forfeited his right to pursue this action.

> d.  The Superior Court Action was "commenced" by operation of Rhode Island law but never formally terminated.

In this instance, the state court action would still be active and the federal court action would presumably be dismissed as untimely unless and until the Superior Court action is terminated in a manner contemplated by § 9-1-22. Whether or not the federal court action could be re-filed would depend on the reasons for termination in the Superior Court and the time of its filing. If the action is terminated for a reason enumerated by R.I. Gen. Laws § 9-1-22, for example neglect to prosecute the action, then Plaintiff would not be able to avail himself of the additional year to file that is offered by the statute.[4] If the termination is for any other reason, then Plaintiff would have an additional year from that date in which to re-commence his action.

## IV.  Conclusion

Based upon the foregoing, Plaintiff's Motion shall be treated as a motion under Rule 59(e), and that motion shall be GRANTED.

---

[4] Of course, without having a full appreciation of the facts of Plaintiff's case, this Court is without opinion as to whether the doctrine of equitable tolling would apply if Plaintiff was unaware of the dismissal of his Superior Court Complaint.

Accordingly, this Court's previous order granting Defendant David Petrucci's motion to dismiss is VACATED.


IT IS SO ORDERED

_____

William E. Smith
United States District Judge
Date: 12/4/09

13