```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

_____
                                    )
PETER J. BIBBY,                     )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    C.A. No. 07-463 S
                                    )
DAVID PETRUCCI, et al.,             )
                                    )
        Defendants.                 )
_____)

## OPINION AND ORDER

WILLIAM E. SMITH, United States District Judge.

Presently before the Court is a Renewed Motion for Summary Judgment submitted by defendants David Petrucci and the City of Providence ("Defendants"), arguing that Plaintiff Peter Bibby's ("Plaintiff") claims are time-barred. On December 7, 2009, the Court granted Plaintiff's Rule 60 Motion for Relief from an Order and vacated an earlier decision granting Defendants' Motion for Summary Judgment. The Court granted relief to allow further discovery with respect to a complaint filed by Plaintiff in Rhode Island Superior Court in 2007. (Mem. and Order at 10.) After additional investigation, Defendants now renew their Motion for Summary Judgment. For the reasons discussed below, the Court grants Defendants' Renewed Motion for Summary Judgment.

I.   Background

In the Memorandum and Order decided in December, 2009 ("December Memorandum"), the Court vacated its previous order which granted summary judgment for Defendants on the basis of the apparent tardiness of Plaintiff's complaint. (December Memorandum at 8.)  Plaintiff had filed his complaint after the three-year statute of limitations governing his claims expired. As the Court noted, however, it had failed to consider the effect of R.I. Gen. Laws 9-1-22 ("Savings Statute") on Plaintiff's claims before granting summary judgment.  Under the Savings Statute, Plaintiff's claims may not have been time-barred because:

> [i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, . . . may commence a new action upon the same claim within one year after the termination.

R.I. Gen. Laws § 9-1-22 (1956).

In granting Plaintiff's Motion for Relief from an Order, the Court directed the parties to conduct further discovery in order to clarify the present status of Plaintiff's state court complaint.  The Court sought to "determine when and whether Plaintiff's Superior Court action was ever terminated, and if so [whether] in a manner qualifying him for the saving statute." (December Memorandum at 10.)  Anticipating the results of

2

discovery, the Court articulated four potential scenarios and its likely responses. (See id. at 10-12.) While the additional discovery conducted by the parties failed to clarify when the state court action commenced, the parties sufficiently augmented the record to enable the Court to address the effect of the Savings Statute and to resolve Defendants' Renewed Motion for Summary Judgment.

II. Discussion

The Savings Statute neatly divides into a two-part test for determining whether a plaintiff may re-file an action terminated for a reason other than decision on the merits, within a year of termination. See Wolf v. S.H. Wintman Co., 161 A.2d 411, 413 (R.I. 1960) (supporting principle that Savings Statute permits re-filing when claim decided other than on its merits). In order for the Savings Statute to apply, the prior complaint must have been (1) timely commenced and (2) terminated in a manner other than "voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits." R.I. Gen. Laws § 9-1-22. Both prongs are dispositive elements of the rule; failure to satisfy either prong renders the Savings Statute inapplicable. As this Court stated regarding the fourth scenario outlined in the December Memorandum, even if the state court action had been timely commenced, if it remained active:

> the federal court action would presumably be dismissed as untimely unless and until the Superior Court action is terminated in a manner contemplated by § 9-1-22. Whether or not the federal court action could be re-filed would depend on the reasons for termination in the Superior Court and the time of its filing.

(December Memorandum at 12.)

While the parties failed to resolve the issues surrounding the timely commencement of the Superior Court action, they established that it never terminated and remains on the state court docket.  (See Defs.' Mem. in Supp. of Renewed Mot. for Summ. J. at 4; Pl.'s Aff. Exhibit B.)  As long as the state court action remains pending, Plaintiff's federal action is premature under the Savings Statute.  Because the federal action commenced after the limitation period for bringing the claims lapsed, unless and until the state court action terminates in a manner specified by the Savings Statute – thereby reopening the filing window – the federal action is untimely and cannot be brought.  (December Memorandum at 12.)

Under the summary judgment standard, "summary judgment is appropriate when the record, viewed in the light most favorable to the party opposing the motion, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Marr Scaffolding Co. v. Fairground Forms, Inc., 682 A.2d 455, 457 (R.I. 1996).  There is no dispute of material fact that Plaintiff's state court action

4

remains pending.  Consequently, the pending state court action bars application of the Savings Statute and prevents Plaintiff from bringing this federal action at this time.

Therefore, as in the fourth scenario outlined in the December Memorandum, Plaintiff should pursue the state action and

> [i]f the action is terminated for a reason enumerated by R.I. Gen. Laws § 9-1-22, . . . then Plaintiff would not be able to avail himself of the additional year to file that is offered by the statute.  If the termination is for any other reason, then Plaintiff would have an additional year from that date in which to re-commence his action.

(December Memorandum at 12.)

III. Conclusion

For the reasons stated above, Defendants' motion is GRANTED and Plaintiff's claims are hereby dismissed.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  July 22, 2010